IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL ANTHONY TATE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 03-1449-JE |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL MALLAHAN, CHRISTOPHER | ) | |
| SWAYZEE, WASHINGTON COUNTY | ) | |
| COMMUNITY CORRECTIONS, and | ) | |
| WASHINGTON COUNTY SHERIFF, | ) | |
| | ) | |
| Defendants. | ) | |

Michael Anthony Tate, Sr.
SID 4994303 - LEGAL MAIL
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, Oregon 97914-8335

    Pro Se Plaintiff

William G. Blair
Office of Washington County Council
155 North First Avenue, Suite 340 - MS34
Hillsboro, Oregon 97124

    Attorney for Defendants

Page 1 - ORDER

KING, Judge:

Magistrate John Jelderks filed his Findings and Recommendation (#40) on August 26, 2005 and referred it to me on September 20, 2005. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).

When either party objects to any portion of a Magistrate's findings and recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. See 28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Pro se plaintiff Michael Anthony Tate, Sr. has filed untimely objections, requesting that I consider some clarifying information and permit him to amend his complaint. Plaintiff also filed a motion for extension of time to file objections, itself an untimely request. Nevertheless, I grant plaintiff's motion for extension of time, and review plaintiff's objections.

Plaintiff explains that a material issue of fact remains in that when plaintiff appeared before Judge Thomas W. Kohl on April 26, 2002, Judge Kohl sentenced plaintiff to time already served, and to eighteen months' *court* probation, *not* formal probation as the official court judgment reflects. Plaintiff reports that he has a tape of the hearing to prove his allegation.

To the extent this fact was unknown to Magistrate Jelderks, plaintiff's clarification does not change the outcome of plaintiff's case. Even if the April 26, 2002 judgment is incorrect, and the subsequent bench warrant relying on that judgment was improperly issued, when plaintiff appeared before the court on October 1, 2002, after he was arrested on the bench warrant, he *admitted* that he had violated the terms of his probation. Plaintiff does not dispute this fact as reported in Magistrate Jelderks' decision. Accordingly, plaintiff has failed to show that defendants violated his constitutional rights.

Page 2 - ORDER

In addition, although plaintiff seeks to amend his complaint very late in this proceeding, I determine whether he should be given leave to amend. A pro se litigant should be given leave to amend unless the defects cannot be cured by amendment. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104. F.3d 1133 (9th Cir. 1997). In this case, it would be futile for plaintiff to amend his complaint. As explained above, even if he had more thoroughly explained the existence of a tape proving that the April 26, 2002 judgment was incorrect, plaintiff would not be able to show defendants violated his constitutional rights.

I have given the file of this case a *de novo* review. I adopt the Findings and Recommendation (#40) of Magistrate Jelderks.

IT IS HEREBY ORDERED that defendants' motion for summary judgment (#15) is granted, and plaintiff's motions for an order to release records (#37), for an extension of time (#38), and for audio/videotapes, or transcripts (#39) are denied.

Dated this   3rd   day of October, 2005.

    /s/ Garr M. King
Garr M. King
United States District Judge